IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| KRISTIE WILDUNG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IOWA REGIONAL UTILITIES ASSOCIATION and MATTHEW MAHLER,<br><br>　　　　Defendants. | Case No. _____<br><br>**PETITION<br>AND<br>JURY DEMAND** |

COMES NOW the Plaintiff and states the following for her cause of action against the Defendants:

## INTRODUCTION

1.　This is an action under the Iowa Civil Rights Act, challenging the Defendants' unlawful age discrimination and retaliation against the Plaintiff. It also challenges the Defendants' unlawful interference with the Plaintiff's right to job-protected leave under the Family and Medical Leave Act.

2.　Plaintiff Kristie Wildung is a resident of Poweshiek County.

3.　Defendant Iowa Regional Utilities Association is an Iowa nonprofit corporation doing business in Jasper County.

4.　Defendant Matthew Mahler is a resident of Polk County.

5.　The acts of which the Plaintiff complains occurred in Jasper County.

## PROCEDURAL REQUIREMENTS

6.　On March 26, 2024, the Plaintiff filed a complaint against the Defendants with the Iowa Civil Rights Commission.

1



7. On October 3, 2024, the Iowa Civil Rights Commission issued an Administrative Release (Letter of Right-To-Sue) regarding the Plaintiff's complaint against the Defendants.

## BACKGROUND FACTS

8. Plaintiff Kristie Wildung began working for Defendant Iowa Regional Utilities Association ("IRUA") in May 1998, more than 25 years ago.

9. Kristie was an outstanding employee for more than two decades.

10. IRUA never wrote up, counseled, or otherwise criticized Kristie's work performance or commitment.

11. Most recently, Kristie's work for IRUA included public relations, government relations, customer relations, consumer confidence reports, and complex special projects.

12. At the end of her employment with IRUA, Kristie was working on the Green Mountain Wastewater Project, the English Creek Project, the Iowa River Water Coalition, IRUA's Legislative Day, the Clear Lake Project, Waverly's Christmas on Main, Waverly 5K Run, Waverly Trick or Treat, RAGBRAI water stations, Farmers Home Platt books, advertising, and addressing unserved customers.

13. Kristie also worked on the Iowa Children's Water Festival, but that was just one of Kristie's many responsibilities.

14. Defendant Matt Mahler began working at IRUA in December 2018 and became IRUA's Chief Executive Officer in January 2020.

15. In approximately 2019, Kristie was diagnosed with breast cancer.

16. Kristie went through surgery, chemotherapy, and radiation, and continues to take medication to address her condition.

17. Defendants knew about Kristie's history of cancer.

18. Defendants knew about some of Kristie's ongoing symptoms, including neuropathy, which would occasionally require Kristie to work from home.

19. During an employee appreciation event in October 2022, IRUA Board President Ron Dunsbergen began his remarks by thanking IRUA's staff for their work.

20. Dunsbergen then described a communication he received from Mahler—a young man in his 30s—which Dunsbergen characterized as describing "how old" the employees at IRUA were and how Mahler was "looking for some young people" to work for IRUA.

21. Mahler's sentiment, as extolled by Dunsbergen, was that the IRUA workforce was too old, and that Defendants were now looking to bring in new, younger employees.

22. When Dunsbergen made his remark about the aging IRUA workforce, Kristie was 60 years old.

23. In early 2023, Kristie complained to IRUA Human Resources Director Angie Freeman about Dunsbergen's ageist comment.

24. Kristie told Freeman that it was difficult to feel appreciated when the IRUA Board was talking about the CEO and the Board wanting to bring in younger workers to replace IRUA's aging workforce.

25. Freeman did not investigate, address, or otherwise respond to Kristie's complaint.

26. Kristie's father suffered from esophageal cancer.

27. During the first week of August 2023, Kristie told Mahler and Freeman that she intended to use protected leave under the Family and Medical Leave Act to care for her father.

28. On August 11, 2023, just days after Kristie expressed her intent to use job-protected leave to care for her father, Mahler pulled Kristie into his office and told her Defendants were eliminating her position.

29. Mahler gave Kristie three options: (1) take a demotion to a secretarial support position, (2) accept a severance agreement, or (3) IRUA would terminate her employment.

30. Mahler told Kristie he had gone to the Board about eliminating her position just a few days before their discussion.

31. If Mahler was telling the truth, then he proposed eliminating Kristie's position just days after she expressed her intent to take FMLA leave.

32. Kristie was on approved paid time off from August 13, 2023, through August 21, 2023.

33. When Kristie arrived at work on August 21, 2023, Mahler informed her that she was being placed on administrative leave.

34. Kristie asked Mahler if he really found no value in her finishing up her job of 25 years.

35. Mahler responded that it would be "awkward" for Kristie to be at the office.

36. Kristie asked Mahler to give her time to wrap up her job and put things in order so she could end her career with IRUA on a professional note.

37. In response, Mahler presented Kristie with a proposed severance agreement.

38. Kristie was not interested in taking an involuntary demotion or accepting a severance agreement that severely undervalued her service and value to IRUA.

39. Kristie spent the last two weeks of her time at IRUA finishing work, cleaning out her office, and doing everything she could to make it easier for someone to take over her many remaining tasks.

40. Defendants terminated Kristie's employment effective September 4, 2023.

41. On February 23, 2024, Kristie's father passed away.

42.     Kristie dedicated 25 years of her life to IRUA. She had a spotless employment record, IRUA had never disciplined her, and she had never even been given a performance review.

43.     In 2023, after more than 25 years of service, Kristie made a protected complaint of age discrimination and then made clear her intention to use job-protected leave to care for her father as he battled cancer. Days later, Defendants Mahler and IRUA ended Kristie's decades-long career.

44.     Defendant Matthew Mahler was an employee and/or agent of IRUA, acting at all material times within the scope of his employment and/or agency.

45.     Defendant Matthew Mahler had the authority to effectuate the termination of Kristie's employment and personally participated in the termination of Kristie's employment.

46.     Ron Dunsbergen was an employee and/or agent of IRUA, acting at all material times within the scope of his employment and/or agency.

47.     Angie Freeman was an employee and/or agent of IRUA, acting at all material times within the scope of her employment and/or agency.

## COUNT I
## AGE DISCRIMINATION
## IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT

48.     Plaintiff repleads paragraphs 1 through 47 as if fully set forth herein.

49.     Defendants discharged and otherwise discriminated against Plaintiff in employment.

50.     Plaintiff's age was a motivating factor in Defendants' discharge and discrimination.

51. As a result of the Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate her for her injuries and damages, for prejudgment and postjudgment interest, for attorneys' fees, litigation expenses, and the costs of this action, for appropriate equitable and injunctive relief, and for all other relief that may be just in the circumstances and consistent with the purposes of the Iowa Civil Rights Act.

## COUNT II
## RETALIATION
## IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT

52. Plaintiff repleads paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiff engaged in protected activity when she lawfully opposed age discrimination forbidden by the Iowa Civil Rights Act.

54. Defendants discriminated or retaliated against Plaintiff by discharging her from employment.

55. Plaintiff's protected activity was a motivating factor in the Defendants' discrimination or retaliation.

56. As a result of the Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate her for her injuries and damages, for prejudgment and postjudgment interest, for attorneys' fees, litigation expenses, and the costs of

this action, for appropriate equitable and injunctive relief, and for all other relief that may be just in the circumstances and consistent with the purposes of the Iowa Civil Rights Act.

**COUNT III
INTERFERENCE
IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

57. Plaintiff repleads paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiff was eligible for leave under the Family and Medical Leave Act.

59. Plaintiff gave Defendants notice of her intent to take leave protected by the Family and Medical Leave Act and otherwise exercised her rights under the Family and Medical Leave Act.

60. As described above, Defendants interfered with Plaintiff's ability to exercise her rights under the Family and Medical Leave Act, including by discharging her from employment.

61. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to lost wages.

62. Defendants' conduct regarding Plaintiff's leave and employment was not in good faith.

63. Defendants had no reasonable grounds for believing their conduct regarding Plaintiff's leave and employment was lawful.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable and injunctive relief, for attorneys' fees, litigation expenses, and the costs of this action, for prejudgment and postjudgment interest, for appropriate equitable and injunctive relief, and for all other relief as may be just in the circumstances and consistent with the purposes of the Family and Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff and demands a trial by jury.

Respectfully submitted,

*/s/ Nathan Borland*
**TIMMER, JUDKINS & BORLAND, P.L.L.C.**
Brooke Timmer AT0008821
brooke@tjb.law
Nathan Borland AT0011802
nate@tjb.law
1415 28th Street, Suite 375
West Des Moines, IA 50266
Telephone: (515) 259-7462
Fax: (515) 361-5390
**ATTORNEYS FOR PLAINTIFF**